UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**23-60092-CR-ALTONAGA/STRAUSS**

Case No. _____

18 U.S.C. § 1343
18 U.S.C. § 981

FILED BY _____KAN_____ D.C.

May 11, 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - Miami

UNITED STATES OF AMERICA

vs.

NOEL STRACHAN,

    Defendant.

_____/

## INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

At all times relevant to this Indictment:

*The Small Business Administration*

1. The United States Small Business Administration ("SBA") was an executive branch agency of the United States government that provided support to entrepreneurs and small businesses. The mission of the SBA was to maintain and strengthen the nation's economy by enabling the establishment and viability of small businesses and by assisting in the economic recovery of communities after disasters.

2. As part of this effort, the SBA enabled and provided for loans through banks, credit unions, and other lenders. These loans had government-backed guarantees.

*The Paycheck Protection Program*

3. The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted in or around March 2020 and designed to provide emergency financial assistance to

the millions of Americans who were suffering from the economic effects caused by the COVID-19 pandemic. One source of relief provided by the CARES Act was the authorization of forgivable loans to small businesses for job retention and certain other expenses, through a program referred to as the Paycheck Protection Program ("PPP").

4. In order to obtain a PPP loan, a qualifying business submitted a PPP loan application, which was signed by an authorized representative of the business. The PPP loan application required the business (through its authorized representative) to acknowledge the program rules and make certain affirmative certifications in order to be eligible to obtain the PPP loan. In the PPP loan application (SBA Form 2483), the small business (through its authorized representative) was required to provide, among other things, its: (a) average monthly payroll expenses; and (b) number of employees. These figures were used to calculate the amount of money the small business was eligible to receive under the PPP. In addition, businesses applying for a PPP loan were required to provide documentation confirming their payroll expenses.

5. A PPP loan application was processed by a participating lender. If a PPP loan application was approved, the participating lender funded the PPP loan using its own monies. While it was the participating lender that issued the PPP loan, the loan was 100% guaranteed by the SBA. Data from the application, including information about the borrower, the total amount of the loan, and the listed number of employees, was transmitted by the lender to the SBA in the course of processing the loan.

6. PPP loan proceeds were required to be used by the business on certain permissible expenses—payroll costs, interest on mortgages, rent, and utilities. The PPP allowed the interest and principal on the PPP loan to be entirely forgiven if the business spent the loan proceeds on

these expense items within a designated period of time and used a defined portion of the PPP loan proceeds on payroll expenses.

### *The Defendant and His Entity*

7. Boom Rewards, LLC ("Boom Rewards") was a Florida limited liability company with its listed principal address located in Broward County, Florida.

8. Defendant **NOEL STRACHAN** was the sole owner and registered agent for Boom Rewards.

### *Relevant Banks*

9. Lender 1 was a bank processor based in Georgia, and was an approved SBA lender of PPP loans.

10. Lender 2 was a bank processor based in Pennsylvania, and was an approved SBA lender of PPP loans.

11. Bank 1 was a financial institution, whose headquarters was in Delaware. Defendant **NOEL STRACHAN** opened business checking account ending in 7588 on behalf of Boom Rewards at a local branch for Bank 1. Defendant **NOEL STRACHAN** was the sole signatory on the account.

### COUNTS 1–2
### Wire Fraud
### (18 U.S.C. § 1343)

1. Paragraphs 1–11 of the General Allegations section of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

2. On or about the dates specified below, in Broward County, in the Southern District of Florida, and elsewhere, the defendant,

**NOEL STRACHAN,**

did knowingly, and with the intent to defraud, devise, and intend to devise, a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and, for the purpose of executing the scheme and artifice, did knowingly transmit and cause to be transmitted, by means of wire communication in interstate commerce, certain writings, signs, signals, pictures, and sounds, in violation of Title 18, United States Code, Section 1343.

## PURPOSE OF THE SCHEME AND ARTIFICE

3. It was the purpose of the scheme and artifice for the defendant to unlawfully enrich himself and others by, among other things: (a) submitting and causing the submission of false and fraudulent applications for loans made available through the SBA to provide relief for the economic effects caused by the COVID-19 pandemic, including PPP loans; and (b) misappropriating the proceeds from the fraudulently obtained loan for the defendant's personal use and the use and benefit of others.

## THE SCHEME AND ARTIFICE

The manner and means by which the defendant sought to accomplish the purpose of the scheme and artifice included, among others, the following:

4. Defendant **NOEL STRACHAN** submitted and caused the submission of fraudulent PPP loan applications on behalf of Boom Rewards.

5. Defendant **NOEL STRACHAN** submitted and caused the submission of false and fraudulent information and documentation in support of the PPP loan applications, including falsified Internal Revenue Service forms, and falsely and fraudulently represented Boom Rewards' number of employees, amount of monthly payroll, and amount of gross revenue.

6. As a result of a false and fraudulent PPP loan application submitted as part of this scheme, Lender 1 approved a PPP loan for Boom Rewards and disbursed the loan proceeds in the approximate amount of $1,852,157.00 to the Boom Rewards' bank account ending in 7588.

7. Defendant **NOEL STRACHAN** used the proceeds from the fraudulently obtained PPP loan to enrich himself and others.

8. As a result of a false and fraudulent PPP loan application submitted as part of this scheme, Lender 2 also approved a PPP loan for Boom Rewards in the approximate amount of $1,884,141.00. However, these loan proceeds were not disbursed.

### USE OF WIRE

9. On or about the dates specified below, in Broward County, in the Southern District of Florida, and elsewhere, **NOEL STRACHAN**, for the purpose of executing and in furtherance of the aforesaid scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, did knowingly transmit and cause to be transmitted in interstate and foreign commerce, by means of wire communication, certain writings, signs, signals, pictures, and sounds, as described below:

| COUNT | APPROXIMATE DATE | DESCRIPTION OF WIRE |
|---|---|---|
| 1 | June 18, 2020 | Electronic submission of a false and fraudulent PPP loan application on behalf of Boom Rewards, from the Southern District of Florida to Lender 1, located outside the State of Florida, resulting in a PPP loan in the approximate amount of $1,852,157.00. |

| COUNT | APPROXIMATE DATE | DESCRIPTION OF WIRE |
|---|---|---|
| 2 | March 30, 2021 | Electronic submission of a false and fraudulent PPP loan application on behalf of Boom Rewards, from the Southern District of Florida to Lender 2, located outside the State of Florida. |

In violation of Title 18, United States Code, Section 1343.

## FORFEITURE ALLEGATIONS

1. The allegations contained in this Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging criminal forfeiture to the United States of America of certain property in which the defendant, **NOEL STRACHAN**, has an interest.

2. Upon conviction of a violation of Title 18, United States Code, Section 1343, as alleged in this Indictment, the defendant shall forfeit to the United States of America any property, real or personal, which constitutes or is derived from, proceeds traceable to such offense, pursuant to Title 18, United States Code, Section 981(a)(1)(C).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c).

A TRUE BILL

FOREPERSON

*[signature]*
MARKENZY LAPOINTE
UNITED STATES ATTORNEY

*[signature]*
LAURENCE M. BARDFELD
ASSISTANT UNITED STATES ATTORNEY

*[signature]*
ADAM M. HAPNER
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

NOEL STRACHAN,

_____/

CASE NO.: _____

CERTIFICATE OF TRIAL ATTORNEY

**Superseding Case Information:**
New Defendant(s) (Yes or No) _____
Number of New Defendants _____
Total number of counts _____

**Court Division** (select one)
☐ Miami   ☐ Key West   ☐ FTP
☒ FTL     ☐ WPB

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.
2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.
3. Interpreter: (Yes or No) No
   List language and/or dialect: _____
4. This case will take __2-3__ days for the parties to try.
5. Please check appropriate category and type of offense listed below:
   (Check only one)
   I   ☒ 0 to 5 days
   II  ☐ 6 to 10 days
   III ☐ 11 to 20 days
   IV  ☐ 21 to 60 days
   V   ☐ 61 days and over

   (Check only one)
   ☐ Petty
   ☐ Minor
   ☐ Misdemeanor
   ☒ Felony

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
7. Has a complaint been filed in this matter? (Yes or No) No
   If yes, Magistrate Case No. _____
8. Does this case relate to a previously filed matter in this District Court? (Yes or No) Yes
   If yes, Judge Gayles   Case No. 22-cr-60238
9. Defendant(s) in federal custody as of _____
10. Defendant(s) in state custody as of _____
11. Rule 20 from the _____ District of _____
12. Is this a potential death penalty case? (Yes or No) No
13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) No
14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) No
15. Did this matter involve the participation of or consultation with now Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No

By: _____
ADAM HAPNER
Assistant United States Attorney
FL Bar No.   112006

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** NOEL STRACHAN

**Case No:** _____

Counts #: 1–2

Wire Fraud

18 U.S.C. § 1343
* **Max. Term of Imprisonment:** 20 years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** 3 years
* **Max. Fine:** $250,000

*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.